**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL T. PINES, an individual; PINES AND ASSOCIATES, A.P.C.; PRECEDENT LEGAL SYSTEMS, L.L.C., <br><br>　　　　　　　　　Plaintiffs, <br>　vs. <br>CHRISTIAN MCLAUGHLIN, ESQ., an individual; LISA DE BENEDITTIS, an individual; LEGAL OBJECTIVE, an entity; KRISTEN BAKER, an individual; MOVING COMPANY, name unknown; STATE BAR OF CALIFORNIA, <br><br>　　　　　　　　　Defendants. | CASE NO. 11cv474-WQH-JMA <br><br> ORDER |

HAYES, Judge:

The matter before the Court is Plaintiffs' Renewed Application for Temporary Restraining Order and Preliminary Injunction. (ECF No. 11).

## BACKGROUND

On March 9, 2011, Plaintiffs filed a Complaint and an Application for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 1, 2).

On March 9, 2011, the Court issued an Order denying the Application for Temporary Restraining Order on the basis that Plaintiffs failed to indicate that Defendants had received notice of the application and failed to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1)(B), which governs the issuance of a temporary restraining order without notice. (ECF No. 5).

On March 14, 2011, Plaintiffs filed an Amended Complaint. (ECF No. 6). The Amended Complaint asserts the following causes of action: (1) violation of the Electronic

Communications Privacy Act, 18 U.S.C. § 2511; (2) fraud; (3) breach of fiduciary duty; (4) conversion; (5) trespass; (6) defamation; (7) declaratory relief; (8) interference with prospective economic advantage; (9) violation of the Uniform Trade Secrets Act, Cal. Civ. Code § 3426; (10) assault and battery; and (11) "defamation and aiding and abetting other Defendants against the State Bar." *Id.* at 19.

On April 4, 2011, Plaintiffs filed the Renewed Application for Temporary Restraining Order and Preliminary Injunction. (ECF No. 11). Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs move for a temporary restraining order and preliminary injunction "restraining and enjoining defendants, their officers, agents, servants, employees and attorneys, and all those in active concert of participation with Defendants McLaughlin and De Benedittis from" the following:

> (1) Interfering with the conduct and operation of Plaintiffs' businesses;
>
> (2) Communicating with persons or entities the Plaintiffs do business with, including but not limited to posting negative information on the web sites, sending e-mails, or other negative information promoting seminars or other events by Precedent Legal Systems that is defamatory;
>
> (3) from intercepting any electronic communications intended for plaintiffs, Michael T. Pines, including but not limited to, any faxes sent to 760-642-0419 and any e-mail sent to mpines@legalobjective.com and using said information to harass plaintiff as more specifically as more fully defined and prohibited by C.C.P. 527.6, Penal Code 646.9, 18 U.S.C. 2510, and 18 U.S.C § 2511 (Interception and disclosure of wire, oral, or electronic communications prohibited);
>
> (4) Stay at least 100 yards away from Pines and any and all employees of Pines and his businesses;
>
> (5) Engaging in acts on the Internet commonly referred to as 'Spoofing' which includes using false names in e-mails or postings;
>
> (6) Posting on websites, Blogs, or otherwise putting information on the Internet of a negative nature against Plaintiffs;
>
> (7) Remain at least 100 yards away from the Plaintiffs, their employees, agents, business associates, friends and family of Plaintiffs.

*Id*. at 1-2.

In support of the Renewed Application for Temporary Restraining Order and Preliminary Injunction, Plaintiff Michael T. Pines filed a declaration. (ECF No. 11-2). Pines, an attorney, states that "Defendants [McLaughlin and De Benedittis] have been on a

continuous campaign to interfere with Pines' law practice, legal education business, harassing him, his employees, and people Pines does business with." *Id*. ¶ 8. Pines states that McLaughlin, an attorney who was once associated with Pines, and De Benedittis entered into a "criminal scheme" with a bankruptcy trustee and her counsel. *Id*. ¶ 13. Pines states that the "conspirators" entered a building owned by Pines pursuant to a bankruptcy court order and removed Plaintiffs' personal property, which was not part of the bankruptcy estate. *Id*. ¶ 16. Pines states that De Benedittis filed a complaint against Pines with the Utah Division of Real Estate and made "false and defamatory statements" about Pines at a "seminar approved by the State Bar" in 2009. *Id*. ¶¶ 28, 41. Pines states that "McLaughlin and De Benedittis constantly harass legal clients of [Plaintiff] Pines and Associates" by emailing and calling clients anonymously "to defame Pines." *Id*. ¶ 54; *see also id*. ¶¶ 56, 68. Pines states that there are pending criminal investigations related to an assault by De Benedittis on Pines' assistant at a hearing in bankruptcy court, and McLaughlin and De Benedittis stealing Plaintiffs' "confidential attorney client files" and other property. *Id*. ¶ 58; *see also id*. ¶ 48.

On April 4, 2011, McLaughlin filed a Declaration in Opposition to Plaintiffs' Request for Injunctive Relief. (ECF No. 14). McLaughlin states that "[t]his action is in retaliation of the efforts of Lisa De Benedittis and me to expose Michael T. Pines ... as a criminal, a fraud and as an individual unfit to practice law in the State of California." *Id*. ¶ 5. McLaughlin states:

> Mr. Pines would like this Court to believe that my efforts and time have been spent concealing my identity and posting comments about him on the internet, but this is not true. ... My efforts and time have been spent discussing, in great detail, Mr. Pines' criminal and unethical behavior with the California Bar Association, the San Diego County District Attorneys' Office, the Carlsbad Police Department and various Federal Law enforcement agencies.

*Id*. ¶¶ 6-7. McLaughlin states: "Mr. Pines has been arrested four times in the past two months alone for his behavior toward [two of] my clients," and "Mr. Pines has stolen numerous items of my personal property, much of which has yet to be returned." *Id*. ¶¶ 13, 16.

On April 4, 2011, McLaughlin filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a request for judicial notice in support of the Motion to Dismiss. (ECF Nos. 12, 13).

On April 5, 2011, Pines filed a declaration in response to McLaughlin's opposition. (ECF No. 15-1). Pines states that "[v]irtually everything stated by McLaughlin in his Declaration is a lie." *Id.* ¶ 3. Pines states: "[I]n the end it will easily be shown that McLaughlin and De Benedittis are the criminals and will likely go to prison – if they live long enough. A conspiracy to murder them has been reported to the Carlsbad Police, F.B.I. and others...." *Id.* ¶ 2.

## DISCUSSION

When the nonmovant has received notice, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The sole basis for federal subject matter jurisdiction is the first cause of action for violation of the Electronic Communications Privacy Act ("Wiretap Act"), 18 U.S.C. § 2511(1). (ECF No. 6 ¶ 77). "The Wiretap Act makes it an offense to 'intentionally intercept [] ... any wire, oral, or electronic communication.'" *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 876 (9th Cir. 2002) (quoting 18 U.S.C. § 2511(1)(a)). "Congress did not intend for 'intercept' to apply to electronic communications when those communications are in electronic storage." *Id.* at 877 (quotations omitted). Accordingly, for a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *Id.* at 878.

1  The Pines Declaration and the Amended Complaint allege that McLaughlin and De Benedittis "stole ... [Pines'] computers" and "obtained e-mail addresses and phone numbers" for the purpose of contacting Pines' clients. (ECF No. 11-2 ¶¶ 54, 58; *see also* ECF No. 6 ¶ 75). These allegations are insufficient to show that the communications were "acquired during transmission, not while [they were] in electronic storage." *Konop*, 302 F.3d at 878; *cf. id.* at 879 ("Because we conclude that Davis' conduct did not constitute an 'interception' of an electronic communication in violation of the Wiretap Act, we affirm the district court's grant of summary judgment against [plaintiff] on his Wiretap Act claims."). The Court finds that Plaintiffs have failed to establish that they are likely to succeed on the merits of the Wiretap Act claim, which is the sole basis for federal jurisdiction.

Even if Plaintiffs had shown a likelihood of success on the merits, the injunction requested by Plaintiffs is overbroad. *Cf. E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992) ("An overbroad injunction is an abuse of discretion.") (citation omitted). For example, the requested injunction seeks to prevent Defendants from the following: "[i]nterfering with the conduct and operation of Plaintiffs' businesses"; "[c]ommunicating with persons or entities the Plaintiffs do business with"; "using false names in e-mails or postings"; and "putting information on the Internet of a negative nature against Plaintiffs." (ECF No. 11 at 1-2). These requests are overbroad and not "tailored to eliminate only the specific harm alleged." *E. & J. Gallo Winery*, 967 F.2d at 1297 (courts "must insure that [an injunction] is tailored to eliminate only the specific harm alleged").

The Renewed Application for Temporary Restraining Order and Preliminary Injunction is denied. (ECF No. 11).

## CONCLUSION

IT IS HEREBY ORDERED that the Renewed Application for Temporary Restraining Order and Preliminary Injunction is denied. (ECF No. 11).

DATED: April 11, 2011

**WILLIAM Q. HAYES**
United States District Judge